WILLIAM F. SHAW, RESPONDENT, v. THE TEXAS COM-
PANY, A CORPORATION, APPELLANT.

Submitted December 10, 1917—Decided January 31, 1918.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"The question to which counsel addressed himself on the argument of this appeal, and which is the only question really involved, is whether there was, with respect to the various details of the case, any evidence justifying the respective findings of the trial court thereon. The suit arose out of a lease made by the plaintiff below to the defendant, of a tract of marshy lands near Atlantic City, almost surrounded by water, and which the defendant company wished to use for the installation of a large gasoline tank and its foundation, for the purpose of supplying motor boats.

"During the term of the lease, the defendant, becoming dissatisfied, abandoned the premises, and the suit was by the landlord for rent, the defence set up being fraud of the landlord in misrepresenting the conditions of the premises and the defendant also filing a recoupment of damages claimed to have been sustained by reason of such alleged fraud. Both claims, therefore, rest upon the same state of facts; the misrepresentation claimed to have been made by plaintiff being set up as a constructive eviction.

"Appellant claims that the following misrepresentations were made: (1) That the premises were fit for the use intended to be made of them. (2) That there was a new bulkhead on the Gardner basin side which would last without repairs for fifteen or twenty years. (3) That defendant would be put to no expense on that side in repairs during the term of the lease. (4) That the plaintiff had spent $1,500 recently in repairs to the bulkhead. (5) That said bulkhead was in first-class condition.

"Defendants called the plaintiff as their first witness, and as to every one of these alleged misrepresentations, he either denied under oath that he had made them or alleged that if made, as to any that he admitted making, testified that they were true. We have examined the evidence with some care and find that as to every alleged representation there was evidence to support the finding of the trial court that no false or fraudulent representations were made. What our finding would have been upon the evidence given is beside the mark. As counsel very properly conceded, this court cannot reverse on the facts if there was any evidence to support the findings of the trial court. We find that there was some evidence, and, consequently, the only course is to affirm the judgment below.

"Such will be the order."

For the appellant, *Guy Stevens* (of the New York bar) and *Theodore W. Schimf.*

For the respondent, *Clarence L. Goldenberg.*

PER CURIAM.

The judgment under review will be affirmed, for the reasons given in the opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, SWAYZE, TRENCHARD, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 11.

*For reversal*—None.